UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH WELLINGTON,

       Plaintiff,

                    3:19-CV-0457
v.                        (GTS/ML)

PTL FOLAND, *et al.*,[1]

       Defendants.
_____

APPEARANCES:                OF COUNSEL:

KENNETH WELLINGTON
 Plaintiff, *Pro Se*
3104 Buckingham Road
Endwell, New York 13760

MORRIS DUFFY ALONSO & FALEY       LILY A. OCKERT, ESQ.
 Counsel for Defendants
2 Rector Street, 22nd Floor
New York, New York 10006

GLENN T. SUDDABY, Chief United States District Judge

---

[1]  Twelve individuals are currently named as Defendants in the caption of this action's docket sheet: (1) Patrolman Foland; (2) Nicholas Crandoll; (3) Brian J. Shaver; (4) Aaron Smith; (5) Gregory P. Thomas; (6) Sergeant David Williams; (7) Patrolman Peers; (8) Patrolman Gavin; (9) Patrolman Joshua Bilek; (10) Brent Dodge; (11) Eddy Douglas; and (12) Christopher D. Ketchum. (*See generally* Docket Sheet.) However, when liberally construed, Plaintiff's Complaint asserts claims against another four individuals: (13) Patrolman Peets; (14) Bailey R. Brian; (15) Michael W. Hepler; and (16) Thomas Dellapenna. (*Compare* Docket Sheet *with* Dkt. No. 1, Attach. 1, at 1, 7, 8, 41-44, 47, 48, 54, 56, 58, 64.) Moreover, the names of two of these 16 individuals need to be corrected: "Nicholas Crandoll" to "Nicholas Crandall"; and "Bailey R. Brian" to "Brian R. Bailey." (*Compare* Docket Sheet *with* Dkt. No. 1, at 1-4 *and* Dkt. No. 1, Attach. 1, at 8, 46, 62-65.) Finally, it appears that "Brent Dodge" may actually be named "Grant Dodge," and that "Patrolman Peers" and "Patrolman Peets" may be the same person. (*Compare* Dkt. No. 1, at 1, 4, *with* Dkt. No. 1, Attach. 1, at 47 *and* Dkt. No. 12, at 1, 4.) However, because these last two facts are unclear from the record, these changes will not be ordered at this time.

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Kennard D. Wellington ("Plaintiff") against 16 individuals ("Defendants"), are the following: (1) Defendant Thomas' motion for judgment on the pleadings; (2) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that certain of the claims in Plaintiff's Complaint be dismissed with leave to replead within thirty days, certain of the Complaint's claims be dismissed without leave to replead, and the Complaint's remaining claims be consolidated with another action that Plaintiff currently has pending before this Court; and (3) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 7, 12, 13.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendant Thomas' motion for judgment on the pleadings is granted.

## I. RELEVANT BACKGROUND

### A. Defendant Thomas' Motion for Judgment on the Pleadings

Generally, in his motion for judgment on the pleadings, Defendant Thomas argues that Plaintiff's claims against him should be dismissed because, based on Plaintiff's own factual allegations, Thomas is protected from liability as a matter of law by the doctrine of absolute judicial immunity as a matter of law. (Dkt. No. 7.)

Generally, liberally construed, Plaintiff's opposition to Defendant Thomas' motion argues that (1) Judge Thomas is not entitled to judicial immunity because (during the time in question) he was acting outside the scope of his job description, and (2) for the same reason, Plaintiff's claims against Defendant Dellapenna (also a judge) should not be dismissed. (Dkt. No. 9.)

Generally, in his reply to Plaintiff's opposition, Defendant Thomas argues that (1)

Plaintiff's claims against him should be dismissed because (during the time in question) he was performing a function typically performed by a judge, (2) Plaintiff's Complaint does not identify Dellapenna as a Defendant, and (3) in any event, Plaintiff's claims against Dellapenna should be dismissed because (during the time in question) he was also performing a function typically performed by a judge. (Dkt. No. 11.)

### B. Magistrate Judge Lovric's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Lovric rendered the following three findings of fact and/or conclusions of law: (1) that Plaintiff's First, Fourth, Ninth and Twelfth Claims, and his claims against Defendants Bailey, Dodge and Peers, should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) with leave to replead within 30 days of the date of the Decision and Order adopting the Report-Recommendation; (2) that Plaintiff's Sixth, Seventh, Eighth, Tenth and Eleventh Claims, and his claims against Defendant Thomas, should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) without leave to replead; and (3) that Plaintiff's remaining claims (i.e., his Second, Third and Fifth Claims against Defendants Foland, Smith, Hepler, Shaver, Crandall, Peets, Gavin, Bilek, Williams and Douglas) should be consolidated with his other action pending in this Court (i.e., *Wellington v. Foland, et al.*, 19-CV-0615). (Dkt. No. 12, at Parts V and VI.)

### C. Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections assert the following three arguments: (1) Plaintiff's claims should not be dismissed for failure to state a claim because he has alleged facts plausibly suggesting that Defendants violated his fundamental rights to travel (and possess

3

personal property on the highways) under the Constitution; (2) the Court should help Plaintiff obtain videotape evidence from both incidents giving rise to his action; and (3) the Court should grant Plaintiff both injunctive and declaratory relief. (Dkt. No. 13.)

Generally, in their opposition to Plaintiff's Objections, Defendants assert the following two arguments: (1) Plaintiff's first objection should be rejected because the fundamental right to travel does not prohibit states from regulating traffic in the public interest; and (2) the second and third of Plaintiff's objections should be rejected because they are premature and lack specificity. (Dkt. No. 16, at Points I-II.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©)). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©)).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

material that could have been, but was not, presented to the magistrate judge in the first instance.[3]
Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in those parts of the Report-

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation to which Plaintiff has specifically objected and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety, and Defendant Thomas' motion to dismiss is granted, for the reasons set forth therein. *See, supra,* Parts I.A. and I.B. of this Decision and Order. To those reasons, the Court would add only that it declines to consider (when evaluating Plaintiff's Objections to the Report-Recommendation) materials that were not presented to Magistrate Judge Lovric when he conducted his review of the Complaint (Dkt. Nos. 15, 17), as a waste of judicial resources and a violation of the Federal Magistrates Act. *See, supra,* Part II of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that, in accordance with note 1 of this Decision and Order, the Clerk of the Court is directed to **CORRECT** the caption of the docket sheet in this action so as to (1) add Patrolman Peets, Brian R. Bailey, Michael W. Hepler and Thomas Dellapenna as Defendants, and (2) change the name of Defendant "Nicholas Crandoll" to Defendant "Nicholas Crandall"; and it is further

**ORDERED** that Defendant Thomas' motion for judgment on the pleadings (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's First, Fourth, Ninth, and Twelfth Claims, and his claims asserted against Defendants Bailey, Dodge, Peers and Ketchum, are *sua sponte* **DISMISSED**

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) **with leave to replead within THIRTY (30) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that, should Plaintiff choose to file an Amended Complaint within 30 days of the date of this Decision and Order, the Amended Complaint must be a complete pleading that does not incorporate by reference any portion of the original Complaint; and it is further

**ORDERED** that Plaintiff's Sixth, Seventh, Eighth, Tenth and Eleventh Claims, and his claims against Defendants Thomas and Dellapenna are *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) **without leave to replead**; and it is further

**ORDERED** that Plaintiff's Second, Third and Fifth Claims against Defendants Foland, Smith, Hepler, Shaver, Crandoll, Peets, Gavin, Bilek, Williams and Douglas, shall be **CONSOLIDATED** with *Wellington v. Foland, et al*, 19-CV-0615 (N.D.N.Y.), with this action being designated as the Lead Case, the latter action being designated as the Member Case, and all future filings being made in the Lead Case only.

Dated: December 3, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge