UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNARD WELLINGTON,

                    Plaintiff,

v.

SCOTT FOLAND, Patrolman; NICHOLAS
CRANDALL, Sergeant; BRIAN SHAVER,
Patrolman; AARON SMITH, Patrolman;
SERGEANT WILLIAMS; DANIEL GAVIN,
Patrolman; JOSHUA BILEK; DOUGLAS EDDY,
Patrolman; JAY PEETS, Patrolman; and
MICHAEL HELPER, Patrolman,

                    Defendants.
_____

3:19-CV-0457
3:19-CV-0615
(GTS/ML)

APPEARANCES:

KENNARD WELLINGTON
  Plaintiff, *Pro Se*
3104 Buckingham Road
Endwell, NY 13760

MORRIS DUFFY ALONSO & FALEY
  Counsel for Defendants
2 Rector Street, 22nd Floor
New York, NY 10006

OF COUNSEL:

FRANK HUMPHREY FOSTER, ESQ.
LILY A. OCKERT, ESQ.

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in these consolidated *pro se* civil rights actions filed by Kennard Wellington ("Plaintiff") against the above-listed ten law enforcement defendants ("Defendants"), is Defendants' motion to dismiss Plaintiff's Complaints pursuant to Fed. R. Civ. P. 37. (Dkt. No. 41.) For the reasons set forth below, Defendants' motion is granted.

1

**I.      RELEVANT BACKGROUND**

   **A.     Plaintiff's Complaint**

Generally, in his Complaints, Plaintiff asserts a number of civil rights-related claims, including those for wrongful arrest, violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and conspiracy to violate his constitutional rights.  (See, e.g., Dkt. No. 1, Attach. 1 [Pl.'s Compl.].)  These claims arise from alleged conduct by Defendants at two traffic stops and subsequent arrests that occurred on October 25, 2018, and November 11, 2018.  (Dkt. No. 12, at 2-4 [Report-Recommendation filed July 24, 2019].)

On July 24, 2019, U.S. Magistrate Judge Miroslav Lovric issued a report-recommendation in which he recommended that, among other findings, Plaintiff's claims against various defendants and his First, Fourth, Ninth, and Twelfth Claims be dismissed with leave to file a proposed amended complaint, and that his claims against another defendant and his Sixth, Seventh, Eighth, Tenth, and Eleventh Claims be dismissed without leave to amend.  (Dkt. No. 12, at 23-25 [Report-Recommendation filed July 24, 2019].)  Magistrate Judge Lovric also recommended that Action No. 3:19-CV-0457 be consolidated with Action No. 3:19-CV-0615.  (*Id*. at 23, 25.)  On December 3, 2019, the undersigned adopted the report-recommendation in its entirety.  (Dkt. No. 18, at 7-8 [Decision and Order filed Dec. 3, 2019].)

As a result of these decisions (and based on Plaintiff's failure to file a proposed amended complaint), the only claims remaining are Plaintiff's Second Claim (for use of excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983), Third Claim (for failure to intervene during the use of excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983),

2

and Fifth Claim (for illegal search and seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983) against the remaining Defendants.

   **B.**  **Parties' Briefing on Defendants' Motion to Dismiss**

     **1.**  **Defendants' Memorandum of Law**

  Generally, in their motion to dismiss, Defendants argue that Plaintiff's Complaints should be dismissed because of Plaintiff's deliberate and willful noncompliance with the Court's Orders and his discovery obligations. (Dkt. No. 41, Attach. 14, at 10-12 [Defs.' Mem. of Law].) More specifically, Defendants argue as follows: (a) Plaintiff has engaged in willful bad faith conduct by repeatedly disregarding the Court's Orders and has been adamant that he will not comply with either those Orders or his discovery obligations, even going so far as to telling Defendants' counsel that they are not allowed to contact him further; (b) lesser sanctions would not be sufficient based on Plaintiff's demonstrated unwillingness to comply with his obligations despite previous admonishments by this Court, the fact that he would not have the resources to pay any monetary sanction, and the fact that precluding him from submitting any evidence to prove his claims would, under the circumstances, essentially amount to a finding that Plaintiff's Complaint must be dismissed (given that he has not yet provided any evidence that would establish all of the elements of any of his claims); (c) the duration of Plaintiff's noncompliance (at the time of the filing of Defendants' motion) is four months as to discovery obligations and two months as to compliance with the Court's Orders; and (d) Plaintiff has been warned repeatedly that the consequences of his continued failure to comply with Orders and discovery obligations could include dismissal of his claims. (*Id.*)

     **2.**  **Plaintiff's Failure to Respond**

According to the Court's briefing schedule, Plaintiff was provided until September 15, 2020, to file a response in opposition to Defendants' motion. (Text Notice filed Aug. 14, 2020.) As of the date of this Decision and Order, Plaintiff has not filed any response, and the time to do has passed. (*See generally* Docket Sheet.)

## II.     GOVERNING LEGAL STANDARDS

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states that, where a party "fails to obey an order to provide or permit discovery," the Court is permitted to issue "further just orders," including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Courts must consider the following relevant factors when determining whether dismissal is appropriate under Fed. R. Civ. P. 37(b): (a) the willfulness of the non-compliant party and the reason for the non-compliance; (b) the efficacy of lesser sanctions; (c) the duration of the period of non-compliance; and (d) whether the non-compliant party has been warned of the

4

consequences of non-compliance. *Agiwal v. Mis Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Notably, in order to impose the extreme sanction of dismissal, the court must find willfulness, bad faith, or fault on the part of the individual from who discovery is sought. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990).

### III.  ANALYSIS

After carefully considering whether Plaintiff's Complaints should be dismissed based on his failure to comply with multiple Orders of this Court and with his discovery obligations, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law. (Dkt. No. 41, Attach. 14 [Defs.' Mem. of Law].) To those reasons, the Court adds the following analysis.

First, the Court finds that the available evidence establishes that Plaintiff's noncompliance is both willful and in bad faith. At the telephone conference held on May 19, 2020, "Plaintiff informed the Court that he does not intend to supplement his discovery response," despite the fact that the response he had provided was not responsive to Defendants' demands. (Minute Entry filed May 19, 2020].) The Court ordered Plaintiff "to respond and produce all materials in his possession or control that are responsive to Defendants' demands" by June 9, 2020. (*Id.*; Dkt. No. 34.) At the telephone conference held on June 11, 2020, it was noted that Plaintiff "continues to refuse to engage in discovery and has not complied with this Court[']s Text Order 34," and the Court issued another Order requiring Plaintiff to comply with the previous Order by June 25, 2020. (Minute Entry filed June 11, 2020; Dkt. No. 36.) At the telephone conference held on June 29, 2020, the Court noted that Plaintiff continued to refuse to engage in discovery and had failed to comply with the Court's two previous Orders. (Minute Entry filed June 29, 2020].) The Court

5

issued a final Order requiring Plaintiff to comply with the two previous Orders and to produce all materials in his possession or control that were responsive to Defendants' demands. (Dkt. No. 38.) Defendants' status report letter filed July 14, 2020, indicates that Plaintiff still had not provided Defendants with any additional discovery response. (Dkt. No. 39.) Additionally, a copy of an email exchange between Plaintiff and Defendants' counsel attached to Defendants' motion indicates that Plaintiff had sent Defendants' counsel a "cease-and-desist" letter that purported to make Defendants' counsel subject to a monetary fine should they contact Plaintiff again, which Plaintiff asserted counsel had now violated by emailing Plaintiff a copy of the July 2020 status report letter that was filed with the Court. (Dkt. No. 41, Attach. 13, at 1.)

Overall, the evidence and the history of this case establishes that Plaintiff was well-aware of his obligation to provide responsive material to Defendants' discovery requests through his participation in multiple telephone conferences and receipt of multiple Orders from this Court, and yet he purposefully chose to ignore his obligations. The Court therefore finds that Plaintiff's failure to comply was willful and represents bad faith.

Second, the Court agrees with Defendants that lesser sanctions would not cause Plaintiff to remedy his conduct. The level of intractable willfulness in Plaintiff's noncompliance thus far (despite being informed that it could result in the dismissal of his Complaints) indicates that Plaintiff would not be compelled to comply with the Court's Orders or his obligations if faced with any of the lesser sanctions allowed by Fed. R. Civ. P. 37(b).

Third, the Court finds that the duration of the noncompliance is sufficient to merit dismissal when combined with the nature of the noncompliance as already discussed above. Notably, although three or four months is not an excessively long time by itself, in the span of those months, the Court held three telephone conferences and issued three separate Orders related to Plaintiff's noncompliance.  Plaintiff failed to comply with any of those Orders by failing to provide the specified information to Defendants by the dates dictated in each Order. The Court finds that the blatant and willful refusal to comply with these multiple Orders over the course of three or so months weighs heavily in favor of the sanction of dismissal. *Cf. Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding four months to be sufficient delay for dismissal under Fed. R. Civ. P. 41).

Lastly, Plaintiff has been warned multiple times that his continued failure to comply with the Court's Orders and his discovery obligations could result in dismissal of his Complaint. (Minute Entry filed May 19, 2020 [cautioning Plaintiff that failure to comply with the Court's orders could result in sanctions being imposed, including dismissal of the action]; Minute Entry filed June 11, 2020 [same]; Minute Entry filed June 29, 2020 [same].)  Thus, the Court is assured that Plaintiff has been provided with adequate warning of the consequences of his choice to continue to ignore the Court's Orders and his obligations.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 41) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaints in Action Nos. 3:19-CV-0457 and 3:19-CV-0615 are **DISMISSED with prejudice**.

Dated: November 20, 2020
      Syracuse, NY

                                            Glenn T. Suddaby
                                            Chief U.S. District Judge